# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | Case No. 2:17-cv-01576-RFB-NJK |
| Plaintiff(s), | |
| v. | ORDER |
| G2 VENTURES LLC, et al., | (Docket No. 49) |
| Defendant(s). | |

Pending before the Court is a stipulation to stay discovery pending resolution of two motions to dismiss. Docket No. 49. The stipulation indicates that the parties are in agreement that they believe it is most efficient to avoid discovery until those motions are decided. *Id.*[1] The elephant in the room that is ignored in the stipulation, however, is the fact that discovery is set to close in 28 days. *See* Docket No. 31 at 3. As such, discovery should be essentially done at this point,[2] and it does not appear to be in furtherance of the goals of Rule 1 to stay discovery given the discovery period is about to close. *See, e.g.*, *Bank of N.Y. Mellon v. Pomeroy*, 2017 U.S. Dist. Lexis 179903, at *1 (D. Nev. Oct. 31, 2017).

---

[1] The stipulation focuses on the motion to dismiss filed by Arbuckle, but the pendency of that motion does not generally provide grounds to stay discovery with respect to Plaintiff and Defendant G2. *Cf. White v. American Tobcco, Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989). Moreover, the mere pendency of G2's motion to dismiss, standing alone, is not grounds to stay discovery. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").

[2] The stipulation does not indicate what discovery (if any) has been conducted to date.

Accordingly, the Court **DENIES** without prejudice the stipulation to stay discovery.

IT IS SO ORDERED.

DATED: November 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge