# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | ) |
| Plaintiff(s), | ) Case No. 2:17-cv-01576-RFB-NJK |
| v. | ) ORDER |
| G2 VENTURES LLC, et al., | ) (Docket No. 51) |
| Defendant(s). | ) |

Pending before the Court is a stipulation to extend the discovery cutoff and subsequent deadlines by 60 days. Docket No. 51. Requests to extend the deadlines set by the scheduling order must be supported by a showing of good cause. *See, e.g.*, Local Rule 26-4. Good cause exists if the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 409 (9th Cir. 2000). The stipulation indicates that good cause exists because the additional time will allow the parties to complete discovery "in a way that minimizes burden and increases efficiency pending determination of the motions to dismiss." Docket No. 51 at 2. It is not entirely clear what the parties mean by this statement, but it appears to represent an effort to provide the parties with a *de facto* stay of discovery without the parties actually meeting the standards to obtain a stay of discovery or addressing the previously identified concern that discovery should be essentially done at this point given the approaching discovery cutoff. Docket No. 50. Moreover and more fundamentally, the remaining depositions are all currently noticed within the discovery period and there is no showing that responses cannot be provided to the written discovery

identified within discovery period.  *See* Docket No. 51 at 2; *see also id.* at 3 (identifying current discovery cutoff as December 26, 2017).[1]  In short, there is no threshold showing that the discovery cutoff as currently ordered cannot be met and the Court is not inclined to grant a 60-day extension without an indication that the current discovery cutoff cannot be met through reasonable diligence.

Accordingly, the stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: December 1, 2017

                                                                                        _____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The stipulation does not identify the dates on which the written discovery was served.  *See* Docket No. 51 at 3.  Even if the written discovery was served contemporaneously with the filing of the stipulation, a one-week extension would suffice to obtain responses to that discovery based on the deadlines established in the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. P. 33(b)(2).  Of course, a shorter time may also be stipulated to by the parties so that they can comply with the current discovery cutoff.  *See, e.g.*, *id.* (incorporating Rule 29 of the Federal Rules of Civil Procedure).