# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | |
| Plaintiff(s), | Case No. 2:17-cv-01576-RFB-NJK |
| v. | ORDER |
| G2 VENTURES LLC, et al. | (Docket No. 53) |
| Defendant(s). | |

Pending before the Court is a stipulation to extend the discovery cutoff and subsequent deadlines by 60 days. Docket No. 53. Requests to extend the deadlines set by the scheduling order must be supported by a showing of good cause. *See, e.g.*, Local Rule 26-4. Good cause exists if the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 409 (9th Cir. 2000). The only discovery identified that cannot be completed by the current discovery cutoff is discovery that Defendant Arbuckle has not yet propounded and depositions that it appears Arbuckle has not yet noticed. *See* Docket No. 53 at 2-3.[1] Contrary to the required showing of diligence, Arbuckle asserts that it did not engage in discovery because it believed that a request to stay discovery filed in the twilight of the discovery period would

---

[1] This discovery was not identified in the initial stipulation for extension filed just days ago. *Compare* Docket No. 51 at 2 (identifying other discovery that remained to be completed) *with* Local Rule 26-4(b) (requests for extension must provide a "specific description of the discovery that remains to be completed"). Counsel are expected to make factual representations that are candid and complete.

be granted. *Id.* at 3 n.3. A strategic decision to forego discovery is antithetical to the required showing of diligence. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006). Moreover, it is well-settled that a belief that a request to stay discovery may be granted in the future is not grounds to avoid one's discovery obligations. *See Apple v. Eastman Kodak Co.*, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011) (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989)); *see also First American Title Ins. Co. v. Commerce Assocs.*, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016). Accordingly, good cause has not been shown for the requested extension.

Nonetheless, given that the request is presented as a stipulation and <u>as a one-time courtesy to the parties</u>, the Court will allow a 30-day extension to the discovery cutoff in the circumstances of this case. Accordingly, the stipulation is **GRANTED** in part and **DENIED** in part, and deadlines are **EXTENDED** as follows:

- Discovery cutoff: January 28, 2018
- Dispositive motions: February 26, 2018
- Joint proposed pretrial order: March 27, 2018

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

DATED: December 12, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge